1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10 | SANDRA BAXTER and ALLSTATE
INSURANCE COMPANY,

CASE NO. C10-1442 MJP

11

Plaintiffs,

ORDER GRANTING
DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS

12

v.

13

14 | SALTON, INC. and RUSSELL HOBBS,
INC.,

15

Defendants.

16

17      This matter comes before the Court on (1) the parties' Responses to this Court's Order to

18 Show Cause (Dkt. Nos. 18 & 20), and (2) Defendants' Motion for Judgment on the Pleadings.

19 (Dkt. No. 10.)  The Court, having reviewed the Responses, Defendants' Motion, Plaintiff's

20 Response to Defendants' Motion for Judgment on the Pleadings (Dkt. No. 15), Defendants'

21 Reply in Support of the Motion for Judgment on the Pleadings (Dkt. No. 16), and all related

22 declarations and exhibits, makes the following order:

23      IT IS ORDERED that

24      1.      The Court finds complete diversity exists and jurisdiction is proper.

1    2.    The Court GRANTS Defendants' motion for judgment on the pleadings.

2    3.    The Court GRANTS Plaintiffs leave to amend the complaint with respect to

3 Plaintiffs' outrage claim and request for emotional distress damages.

4    4.    The Court DENIES Plaintiffs leave to amend the complaint with respect to

5 Plaintiffs' negligence claim and request for punitive damages.

6                                    **Background**

7         Plaintiff Baxter ("Baxter") is an individual resident of Washington whose home was

8 destroyed by a fire.  Plaintiff Allstate Ins. Co. ("Allstate") provided insurance for the real and

9 personal property of Baxter that was destroyed in the fire.  Defendant Salton, Inc. ("Salton") was

10 a corporation that manufactured appliances.  Salton changed its name to Russell Hobbs, Inc.

11 ("Russell Hobbs") in December, 2009.  Baxter and Allstate ("Plaintiffs") allege that a toaster

12 manufactured by Salton caused the fire.  Plaintiffs bring this action under the Washington

13 Product Liability Act ("PLA"), Washington Consumer Protection Act ("CPA"), and common

14 law torts of negligence and outrage. Plaintiffs seek property damage, personal injury, emotional

15 distress, incidental damages, prejudgment interest, attorneys' fees, costs, and punitive damages.

16 Defendants removed on the basis of diversity jurisdiction.

17         Defendants filed a motion for partial judgment on the pleadings.  (Dkt. No. 10.)  While

18 reviewing that motion, the Court observed that Allstate and Salton both appeared to be Illinois

19 citizens.  The Court ordered the parties to show cause why jurisdiction is proper.  (Dkt. No. 17.)

20 Defendants have submitted documents to establish Salton was no longer an Illinois company at

21 the time the lawsuit was filed.  (Dkt. No. 19.)

22 //

23 //

24

ORDER GRANTING DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS- 2

1

**Discussion**

2

**A.  Jurisdiction**

3

Defendants argue Salton was not an Illinois resident at the time the present suit was filed.

4

Defendants provide adequate evidence to establish jurisdiction is proper.

5

A corporation is a resident of both the state in which it is incorporated and the state in

6

which its "nerve center" is located.  Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010).  "[D]iversity

7

jurisdiction is determined at the time the action commences[.]"  Hill v. Blind Indus. & Services

8

of Maryland, 179 F.3d 754, 757 (9th Cir. 1999).

9

Defendants provide the Court with Salton's Form 10-K for the fiscal year ended in June

10

30, 2008, which lists Salton's executive offices in Miramar, Florida.  (Dkt. No. 19, Ex. A.)

11

Plaintiffs offer a U.S. Consumer Product Safety Commission product recall notice dated March

12

19, 2008 that names "Salton, Inc., of Lake Forest, Ill" as the distributor of the product.  (Dkt. No.

13

20 at 8.)  Plaintiffs offer no additional evidence that this recall notice, issued three months before

14

the end of the fiscal year addressed by Defendants' Form 10-K, is a more accurate representation

15

of Salton's citizenship than the Form 10-K as of July 2010, when the suit was filed.  At the time

16

of filing, the Court finds Salton to be a resident of Florida, not Illinois.  As a result, the Court

17

finds complete diversity exists and jurisdiction is proper.

18

**B.  12(c) Motion**

19

Defendants moved pursuant to Rule 12(c) for judgment on the pleadings as to Plaintiffs'

20

claims of negligence and outrage and Plaintiffs' request for emotional distress and punitive

21

damages.  Plaintiffs ask that the motion be denied or, in the alternative, for leave to amend the

22

complaint.

23

//

24

ORDER GRANTING DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS- 3

1    1.  Negligence

2         Defendants argue Plaintiffs' negligence claim is preempted; they are correct.  The PLA

3    consolidated all product-related harm claims into one cause of action, thereby preempting any

4    "claim or action previously based on any other substantive legal theory except fraud,

5    intentionally caused harm, or a claim or action under the consumer protection act[.]"  RCW

6    7.72.010(4); Wash. Water Power Co. v. Graybar Elec. Co., 112 Wn.2d 847, 853 (1989).

7         Plaintiffs argue that negligence is "specifically part of the statute" and "not precluded as

8    proof[.]"  (Dkt. No. 15 at 4.)  Plaintiffs do not present any compelling argument that negligence

9    should continue to be a separate cause of action given the PLA's broad preemption.  The Court

10   grants Defendants' motion for judgment on the pleadings with respect to Plaintiffs' negligence

11   claim.  An amendment would be futile as it could not cure the preemption defect.  Plaintiffs'

12   negligence claim is dismissed with prejudice.

13   2.  Outrage

14        Plaintiffs' outrage claim is inadequately pled.

15        Outrage has three elements: "(1) extreme and outrageous conduct, (2) intentional or

16   reckless infliction of emotional distress, and (3) severe emotional distress on the part of the

17   plaintiff."  Reid v. Pierce County, 136 Wn.2d 195, 202 (1998).

18        Plaintiffs have not satisfied the pleading standard announced in Bell Atl. Corp. v.

19   Twombly, 550 U.S. 544, 570 (2007).  Although Plaintiffs are suing under state law and

20   originally brought their claim in state court, "federal courts sitting in diversity apply state

21   substantive law and federal procedural law."  Gasperini v. Ctr. for Humanities, Inc., 518 U.S.

22   415, 427 (1996).  Under the federal pleading standard, the first analytical step is to "identify[] the

23

24

1   allegations in the complaint that are not entitled to the assumption of truth." Ashcroft v. Iqbal,

2   129 S. Ct. 1937, 1951 (2009).

3          Here, Plaintiffs' allegation of outrage simply asserts

4          the actions of Defendants through the sale of an electrical product that by its
           inherent defects would cause fires in households wherein it was expected to be
5          used and was used, including the household of [Baxter], committed a tort of
           outrage as it placed in jeopardy the goods and lives of purchasers of an ordinary
6          household appliance.

7   (Compl. at ¶ 6.1.)  The legal conclusion that the Defendants "committed a tort of outrage," is not

8   "entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1951.  In both Twombly and Iqbal, the

9   plaintiffs' failures were "formulaic recitation[s] of the elements" of the claims. Id. (quoting

10  Twombly, 550 U.S. at 555).   Here, Plaintiffs fail to even address the elements of the tort and

11  assume its existence.

12         The second step is to "consider the factual allegations in [Plaintiffs'] complaint to

13  determine if they plausibly suggest an entitlement to relief." Iqbal, 129 S. Ct. at 1951.  The facts

14  must be more than consistent with Plaintiffs' claim, they must "plausibly establish" the claim.

15  Id.

16         Plaintiffs allege no facts that establish Defendants' conduct was extreme and outrageous.

17  The bar for outrage is very high:

18         [I]t is not enough that a defendant has acted with an intent which is tortious or
           even criminal, or that he has intended to inflict emotional distress, or even that his
19         conduct has been characterized by 'malice,' or a degree of aggravation which
           would entitle the plaintiff to punitive damages for another tort. Liability exists
20         only where the conduct has been so outrageous in character, and so extreme in
           degree, as to go beyond all possible bounds of decency, and to be regarded as
21         atrocious, and utterly intolerable in a civilized community.

22  Grimsby v. Samson, 85 Wn.2d 52, 59 (1975).  Selling a defective toaster that causes a fire could

23  possibly constitute a tort of outrage, but without supplying more factual allegations to bolster the

24  claim, Plaintiffs have not shown that outrage is plausible.  Plaintiffs refer only to the negligence

1  of Defendants.  The Defendants' negligence is also a legal conclusion, but even if it were

2  admitted as true for the purposes of the 12(c) analysis, it still fails to establish outrageousness.

3        In its current form, Plaintiffs have not satisfied the <u>Twombly</u> standard.  The Court

4  dismisses the claim.

5        Plaintiffs ask to amend the complaint to correct any defects.  The Court grants this

6  request.  A "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A

7  court should evaluate the amendment for "bad faith, undue delay, prejudice to the opposing

8  party, and futility of amendment" before denying leave to amend under Rule 15.  <u>DCD</u>

9  <u>Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1987).

10        Here, Defendants have not asserted that they would be prejudiced by an amendment, nor

11  have they alleged any bad faith by Plaintiffs.  Defendants' argument against amendment is

12  entirely based on futility, that Plaintiffs' suggested revision fails to "satisfy the factual basis

13  required for a valid outrage claim[.]"  (Dkt. No. 16 at 5.)  This argument is unpersuasive for two

14  reasons.  First, Plaintiffs are not limited to amending the complaint to the suggestions made in

15  the present response, which primarily seeks denial of Defendants' motion and only alternatively

16  addresses amending the complaint.  Second, Plaintiffs suggest they will have facts showing

17  recklessness, which is, contrary to Defendants' assertion, a qualifying element for the tort of

18  outrage.  <u>Reid</u>, 136 Wn.2d at 202.  The Court grants Plaintiffs leave to amend the complaint with

19  respect to the outrage claim.

20     3.  <u>Emotional Distress Damages</u>

21        Defendants seek dismissal of Plaintiffs' request for emotional distress damages.

22  However, emotional distress damages are available under a sufficiently pled outrage claim.

23  Given the Court's order permitting amendment, Plaintiff can seek emotional distress damages if

24

ORDER GRANTING DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS- 6

1 they present a valid claim for outrage.  The Court grants Plaintiffs' motion for leave to amend as

2 to the inclusion of emotional distress damages.

3          It bears noting that Plaintiffs cannot recover emotional distress damages under either of

4 the statutory claims.  The Washington Supreme Court "has declined to allow emotional distress

5 damages where the statutory violation requires only proof of negligent, as opposed to intentional,

6 conduct." White River Estates v. Hiltbruner, 134 Wn.2d 761, 799 (1998).  The CPA has five

7 elements: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public

8 interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." Hangman

9 Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986).  Plaintiffs can

10 establish these elements without demonstrating intent.  Id. at 785.  Similarly, Plaintiffs can

11 succeed on a claim under the PLA "if the [plaintiffs'] harm was proximately caused by the

12 negligence of the manufacturer[.]" RCW 7.72.030. Because neither statute requires intent as an

13 element of liability, neither authorizes emotional distress damages.  As a result, Plaintiffs cannot

14 obtain emotional distress damages for either the PLA or CPA claim.

15          4.      Punitive Damages

16          Plaintiffs concede "[p]unitive damages are generally not available in Washington unless

17 authorized by statute." (Dkt. No. 15 at 8.)  Plaintiffs contend that the request for punitive

18 damages was a reference to the CPA, which authorizes an award of up to "three times the actual

19 damages sustained[.]"  RCW 19.86.090.  Plaintiffs are permitted to more precisely identify their

20 request for treble damages in an amended complaint.  Given that Plaintiffs have not identified

21 any statute authorizing any punitive damages, an amendment should clarify that Plaintiffs seek

22 treble damages, not punitive damages.

23 //

24

1 | **Conclusion**

2 |      The Court finds complete diversity exists and jurisdiction is proper.

3 |      Defendants' motion for judgment on the pleadings is GRANTED.  Plaintiffs' negligence

4 | claim is preempted, and they have not alleged sufficient facts to establish their outrage claim is

5 | plausible.   Punitive damages are not authorized under any of Plaintiffs' claims, but Plaintiffs

6 | have the opportunity to recover treble damages under their CPA claim.  Because Plaintiffs

7 | cannot cure the preemption defect in the negligence claim or recover punitive damages, those

8 | claims are DISMISSED with prejudice.

9 |      Plaintiffs' motion for leave to amend is GRANTED with respect to the claim of outrage

10 | and emotional distress damages.  The amended complaint must be filed within ten days of the

11 | entry of this order.  The Court reminds Plaintiffs the standard for outrage is high, but the Court

12 | does not find an amendment futile as a matter of law.

13 |      The clerk is ordered to provide copies of this order to all counsel.

14 |      Dated this 14th day of March, 2011.

Marsha J. Pechman
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS- 8